The Judges of the United States Court of Appeals Theory, theory. The United States Court of Appeals for the Sixth Circuit is now in session. All persons having witness before this Honorable Court, draw near, pay attention, and you shall be heard. God save the United States and this Honorable Court. Please call the case. Case number 17-4257, William Wright v. Steven Spalding. Arguing on 60-15 minutes resides Ms. Angela Schaefer. Good afternoon, Ms. Schaefer. Can you please let us know how many minutes you want to reserve for rebuttal? Yes, Your Honor. At this time, I'd like to reserve three minutes for rebuttal. Great. You may proceed. Thank you. Good afternoon, Your Honors. May it please the Court. Mr. Wright asked this Court to reverse the District Court's judgment because the District Court misapplied this Court's precedent in two ways. First, the District Court incorrectly held that only a defendant who was sentenced under the Mandatory Sentencing Guidelines may satisfy the Savings Clause in Section 2255e. Mr. Wright was not sentenced under the Mandatory Guidelines. However, he was sentenced to the absolute minimum term of imprisonment for someone classified as an armed career criminal as mandated by Congress. Mr. Wright's sentencing court had no more power to sentence him below that statutory mandatory minimum than a sentencing court would have under the Mandatory Guidelines. Didn't Hill explicitly say that it was limiting itself to those situations? It seemed to me like the District Court followed the exact language of Hill. Your Honor, we do find that language toward the end of the Court's opinion in Hill. But earlier on in Hill, at page 596 of this Court's opinion there, there's some predicate language that informs the Court's holding later on. That predicate language, the Court in Hill states that it agrees with what was then the government's position, that a statute which exceeds that... I definitely agree with that and I think you're making your best argument. I guess what I'm concerned about is the language later, as you point to. It says, in authorizing a petition under 2241, we reiterate. So it seems to say, and I use the word reiterate to say what we were saying before, our decision addresses only a narrow subset of 2241 petitions. And then the very first point is prisoners who were sentenced under the Mandatory Guidelines regime pre-Booker. Yes, Your Honor, and I would qualify that that must be read in the context of the Court's earlier statement that, of course, a sentence which exceeds the statutory maximum penalty is the type of fundamental defect we're talking about. I guess, why isn't that an extension of Hill versus an application of Hill? And what I mean by that is Hill itself related to a prisoner who had Mandatory Guidelines. So those facts, this holding relates to those facts. It may have indicated, and I think it's a fair extrapolation from it, and I'm going to ask the government about it, but I think it's a fair extrapolation that it indicated that. But why isn't that an extrapolation and not a holding of Hill? I think, Your Honor, you're correct that it can be read as an extrapolation. And if that's the case, then this Court reviews the district court's judgment de novo, and as a matter of law, under that extension of Hill, which directly follows from Hill, and other decisions within this Court, the rule in the Sixth Circuit should be that a sentence which exceeds the statutory maximum penalty for the crime is the kind of miscarriage of justice that the Savings Clause can address. So let me ask you. So I think that's a fair point under an extrapolation of Hill. But if we're going to extrapolate Hill, shouldn't we look back at the prior precedent and make sure Hill is right? And if we do that, don't we have to struggle with the fact that you could bring this type of claim under 2255, and here your client did bring a related but not similar claim, correct? He brought a DeCamps-Taylor-Shepard claim. He just didn't cite Mathis, even though he had an opportunity to do so in the year leading up to the district court's decision. Yes and no, Your Honor. He did cite DeCamps-Taylor, et cetera. He did not cite Mathis, but he... But he could have, right? Because he could have amended his petition. He had a year from when Mathis was decided. And I'm sorry to interrupt you, but he had a year to do so. He had about 11 months, Your Honor. Mathis was decided June 23rd of 2016. The District of Maryland denied his petition June 8th of 2017. Was there an opportunity for him to make an amendment? Arguably there was an opportunity under the federal rules of civil procedure, Your Honor, for him to make an amendment. What matters and what this court has stated is the standard in Wooten v. Cawley, pre-Hill precedent, is if he had a meaningful opportunity to present his argument under Mathis. What kind of relief are you asking for if this goes back to the Northern District of Ohio and let the judge look at it again? Or do you want it to go back to Maryland or some other place? Your Honor, Mr. Wright asked that this court remand to the Northern District of Ohio for that district court to evaluate the merits of Mr. Wright's petition in the first instance. Did the judge in Maryland already find that this first offense was actually an offense under the ACCA anyway? No, Your Honor. The judge in Maryland, his sentencing court did find that when it sentenced him. His Section 2255 motion raised an argument under Johnson. And that, when the court evaluated that motion, it stated that the only timely argument that Mr. Wright had was under the Supreme Court's precedent in Johnson. And the District of Maryland reasoned that Johnson doesn't help Mr. Wright here because Mr. Wright's predicate offenses were called drug offenses and Johnson only dealt with the violent felony offenses and the residuals laws. So that was the court's reasoning before. It didn't touch on the Mathis issue here. And going back, Your Honors, Mr. Wright did not have a meaningful opportunity to incorporate Mathis. Within that 11-month span, and we're talking about a pro se inmate here, he would have had to learn about the case, learn how the case applied to his situation. But there's plenty of precedent, Wright, saying just because you're pro se doesn't mean you don't have an obligation to cite the correct law or apply it in your case. That's true, Your Honor. And he had 11 months, and the district court didn't foreclose him from filing, correct? That's true, Your Honor. Go ahead. He still, as a pro se inmate, had to learn about his opportunity to amend, which I think causes the real problem. And I would point out as an analogy that... Explain to me why that causes the real problem. I mean, you can't under the rules amend, right? Yes, Your Honor. It's just a matter of Mr. Wright understanding the rules because, again, he was pro se. And while we treat pro se pleadings and petitioners leniently, we don't excuse violations of the rules, right? That's true, Your Honor. There was no violation of the rules. Right. But why isn't a natural extrapolation from that that you have to know the rules if you want to come to court? I'm sorry to interrupt. Your Honor, he should know the rules. He should be given a meaningful opportunity within the rules to amend his petition. Congress has already struck a similar balance in subsection H of 2255, where it gives federal defendants a year after the Supreme Court announces a new rule of constitutional law to file a subsequent section 2255 motion. Congress struck that balance. New rule, which is retroactive. Yes, Your Honor. And Mathis isn't retroactive. I mean, I think Justice Kagan wrote it. She said, I'm just interpreting, as you point out in your brief, I'm just interpreting old law. It's similar to the camps and all the others. That's true, Your Honor. That's exactly what makes Mathis retroactive. Right. How can it be? So what you're saying is if the Supreme Court says, we're just telling everyone you have this confrontation right, but we've always told you this, a petitioner can now file a 2255 petition even though the Supreme Court says it's not retroactive? Yes, Your Honor. Then what is the meaning of the Supreme Court ever saying something's retroactive? So the Supreme Court announces that rules are retroactive under the requirement of subsection H in section 2255. The Supreme Court has read that limitation based on the text of subsection H. That text doesn't appear in subsection E. Yeah, but we can't buck the Supreme Court last that check. That's true. Even if you're right, if the Supreme Court says this is not retroactive, we can't then subsequently say, but that's not really a requirement, so we're going to apply it nonetheless, even though you tell us it is. That's true, Your Honor, but the Supreme Court has not said that Mathis is not retroactive. In fact, by indicating . . . Yes, they did. Justice Kagan said, I'm just interpreting old law, and I'm not doing anything new. So it's not a new interpretation, and by nature of it not being a new interpretation, it wouldn't be retroactive. She's saying this is the way the law always was. It was, Justice Kagan, right? Yes, Your Honor, and in different Supreme Court opinions which are cited in our opening brief, the Supreme Court has stated that a, quote, old rule is retroactive because of the nature of the rule. The rule has always been there under the Supreme Court's precedent. Or another way of looking at it . . . But it's not . . . See, there's two different kinds of retroactive, right? There's a retroactive you point out in your brief, I think, correctly, which is, hey, if this wasn't applied on direct review, and, right, so this law was not applied, and it comes about after your direct review, you can apply it on collateral review, even though the district court was unaware of it. That's different in kind than what Judge Strange was talking about in Hill and what the Supreme Court's talking about when they talk about new constitutional rules or statutory rules applied retroactively, which is, it's a new rule that no one was aware of. And now we're applying it retroactively. Those are two different types of retroactive, and I think what you're doing is you're mixing apples and oranges. I see your point, Your Honor. I think we're really talking about two separate parts of the test that this Court announced in Hill. One, the retroactive requirement. Another, the, quote, requirement that the Supreme Court have announced a new case of statutory interpretation. Under the Savings Clause, a case can be both, quote, old and thus retroactive, apply on collateral review, and new in the sense that it changes the controlling circuit precedent in a way that meaningfully impacts a defendant's conviction or sentence. But then retroactive means nothing, right, because everything is either new or old, and they don't have to say it's retroactive if it's old, so it has no bearing. It does have bearing, Your Honor. It announces the rule as it should have been, or if we're thinking theoretically, like under the Commonwealth, the law as it was when the defendant was sentenced. The difference is when the defendant was sentenced, that rule was foreclosed by controlling circuit precedent. And, Your Honor, I see that my time is about to expire. I have a question I wanted to ask you. Has any federal court since Mathis said that it was retroactive? Yes, Your Honor. This court has stated that, albeit in unpublished opinions, but the Sutton v. Quintana case and the Muir v. Quintana cases have stated that Mathis applies retroactively and applied Mathis to the Hill test. Do you have sites for those cases? Are they in your brief? They are. They're in the opening brief, Your Honor. And so these cases are available on Westlaw, if that's the site that Your Honors would like. That's fine. But they're unpublished decisions, you said, so they really have no merit. Or no precedent. They aren't published. Yeah, we like to think they have merit. They might have merit, but no precedent. Well, that depends on who wrote them. If Your Honors are ready, the site for Muir v. Quintana is 2018 WL 4276133. Okay. The site for Sutton v. Quintana is 2017 WL 4677548. Any further questions? Any further questions? Thank you very much. Thank you. You'll still have your full three minutes for rebuttal. Thank you, Your Honor. He may proceed. May it please the Court. Stegan Phillips on behalf of the United States for the Respondent and Pelley. Your Honors, what was just discussed highlights the issue that arises in all these cases, and it's a misinterpretation a little bit of Hill since then. But before I get to that, I wanted to clarify that Wright's claim fails on issues outside of whether or not Hill itself contradicted precedent. He failed to establish the district court's jurisdiction through the saving clause, and even if he did, his claims were meritless, as we pointed out. Explain to me why he failed to establish the district court's jurisdiction. So the district court's jurisdiction comes through the saving clause. Obviously, 2255 is a stripping clause. It says that the court will, you know, requires that 2241 not be heard unless it satisfies the saving clause. Even under Hill, a saving clause case needs to prove that the argument you are presenting now, the statutory interpretation that you are presenting now was previously barred or contrary to circuit precedent. That is nowhere to be found in his brief. There still has not been any argument why Mathis, and I don't mean the case of Mathis. As Your Honor pointed out, he had the year to cite Mathis. But even ignoring that does not explain why he couldn't have cited the rule of statutory interpretation that was presented in Mathis. And it cannot be, as Your Honors sort of are getting to, that all that is required is that there be a new stated case, because I do actually think that there is merit to the jurisdictional argument or, I'm sorry, the retroactivity argument that was just presented, which is that typically old case law or an old rule is, on collateral review, considered retroactive. But it cannot be that you have both automatically you satisfy the retroactivity and then on top of that you satisfy that this case was not available merely because it was not decided yet. If that was the case, if the Supreme Court today came out with a rule, came out with a rule citing or a case where they said the facts of this case are exactly like Taylor that we decided 20-something years ago. We just rely on that. Taylor settles this case. If that was true, then under the appellant's theory, that case would be an old rule because it's just relying on Taylor and it was not citable. What do you think? What do you think a Petitioner needs to show in a 2241 case like this to take advantage of this savings clause? So the government's current position is that the savings clause, in order to go through it, it would require a showing. Are you saying it requires actual innocence or is there some criteria? So. Or less than that. Yes. What Your Honor is getting at, there's two – let me attack that in two ways. One is the government's position is that even all of this case law regarding actual innocence is actually a misreading of the saving clause and was presented as a means of sort of results-driven cases. But even if we stick with the case law that has developed since then, what I can say is that there is a spectrum of you need to have a new rule of statutory interpretation, not just a new case citing it, because that doesn't make any real sense. It has to be retroactive, had to have been previously foreclosed by circuit precedent, and this is under this Court's precedent, not what the government believes the right interpretation is. And then the last one is that there would be a fundamental – a miscarriage of justice that constitutes a fundamental error. And where that is is – that is where the actual innocence discussion is, right? Actual innocence in its form is merely a way for the Court to state what is a miscarriage of justice that is a fundamental error. What this Court said in Peterman was that an error in mandatory guidelines calculation does not satisfy that. It is not enough. And in Hill, the panel in Hill decided otherwise, contrary to what the Court had held in Peterman and what – But in Peterman, we specifically said we weren't determining the exact scope of the savings clause. Yes. Correct? So why couldn't it be that Hill subsequently broadened the scope of the savings clause to encapsulate these claims? Because – because Peterman involved a case that was exactly the same – the – what was questioned, the fundamental error, was the exact same issue that Hill raised. They were both mandatory guidelines questions. Now, this case, as Your Honor pointed out, is about the ACCA, and as the appellant pointed out, is about the ACCA. If we look at what constitutes a fundamental error, it's – it has to be – it has to sit on some spectrum. If the fundamental error involved the sentencing but not whether the party was guilty or not guilty, was that enough grounds to grant it 2241? In other words, if the Court found that one of these criteria predicates was a conviction of the ACCA when, in fact, it wasn't, is that enough to show that Hill was heard? Go ahead. I'm sorry. Peterman suggests that at least a mandatory guidelines error is not enough. The question that follows from that is, because in the spectrum of fundamental errors or miscarriage of justices, I think it's undeniable that it's a step further towards the actual innocence area of the spectrum. But that would be an ACCA error. Right. Peterman – and I know this may arguably cut against Petitioner's argument in some ways – but Hill distinguished Peterman on the ground that it didn't involve a new case of statutory interpretation. Right? It did. So why isn't that different in kind? So, in other words, what they say is, look, if it's an old case of statutory interpretation, then yes, you're right. But here it's a new case of statutory interpretation, meaning DeCamps and Hill. And so it's different in kind. So it's just simply different problems. Could the Court in Peterman have said, you haven't identified the right type of case, and that's it, we're going to ignore the rest of it? That could have been a holding. Agreed. However, it treats – but the discussion in Peterman is pretty clearly geared towards the fact that what was challenged there was a sentence. In fact, every time it was cited subsequently, admittedly, at times in dicta and at But I thought Peterman was a drug quantity case, right? Is that right or wrong? That's correct. Under Menn from Govans. Yeah. And so as a drug quantity case, they weren't arguing innocence. They were arguing the wrong fact finder. Am I right about that? They were arguing that, yeah, they – That the jury had to find the predicate facts before you could give me an enhanced sentence. Now, the argument in Peterman, I believe, was more geared towards whether or not what had to be found in order to attribute drugs. So when someone – Oh, okay. So Bannerman or whatever was the one where – Yeah. Okay. So Peterman, they're arguing that, but still here the difference is, right, what they're arguing under Hill is they – what the petitioner's argument is is Hill is different in kind because we're actually arguing we're innocent, not that what you have to find or that who has to make the findings, but we're innocent because one of the qualifying crimes doesn't qualify. So I'm innocent of that under the Hill metric. And so it's different in kind than the drug quantity cases. Does my question make sense? Just to be clear, are we comparing Hill to Peterman? Is that the question? Yeah, and using this petitioner in particular and saying drug quantity cases are different in kind, we're not contesting that we're not guilty of that, just that the mechanism or the means or the evidence was wrong. And here they're saying I'm not guilty of having three priors. I know it's kind of odd to talk about innocence in the sentencing context, but that's the world we live in with Hill. So why isn't that a legitimate argument and a way to distinguish the prior cases such that Hill stands properly? So there are different questions there that Your Honor brought up. Hill and Peterman cannot be reconciled in the sense of – when Your Honor is talking about innocence, what we are talking about is that final factor of the test, which is what is a miscarriage of justice that counts as a fundamental error. And all of the cases historically that have talked about actual innocence and using that word or that term, what they're talking about is somebody who is sitting in prison and we now realize that their conduct was never criminal. So what they're – and I'm sorry to interrupt you, but what the petitioner is saying is this is no different. I'm a 0 to 10 person, not a 15 to life person. And if you figured that out, I wouldn't be sitting in prison. And so I'm sitting in prison – I'm sorry. I'm sitting in prison for an underlying crime that shouldn't have counted. So I'm innocent of that gap, that enhancement. So that is right. That is their argument. The question presented to the government was whether or not Hill contradicted precedent, which is our position. We also concede that their argument in this case has to be that an error, an ACCA error, in other words, an error where you are sentenced beyond your statutory and your otherwise statutory maximum, would also constitute a fundamental error. This actually goes to Your Honor's earlier question to the appellant, which was, well, didn't Hill just relegate itself just to mandatory errors? And the government's position on that is if Hill has rightly decided that mandatory guidelines errors constitute a miscarriage of justice, that is a fundamental error. In order for you to win, do we have to find that Hill is incompatible with Bannerman and Vigerman? No. The government's position in this case could be decided on the simple fact that they have not yet identified a case of statutory or anything that stopped them from raising the construct of Mathis earlier. They are relying on language from Hill, which is, frankly, a little bit loose, which says it relies on a new case that could not have been brought earlier. But that can't be determined. Well, let's assume, and I agree the language can be read either way, let's assume that Hill is right. Okay? And I'll let you go back to your other point. But assume Hill is right. Why isn't their point a fair extrapolation, which is our guy didn't get a chance, he's pro se, the district court didn't consider this. I mean, some of the blame can be at the district court level, because they still have an obligation to get the law right. And so this is no different than the mandatory guidelines. Everything else squares up. They're both career offenders. We're just trying to get what would be a fair sentence. And that's the problem. So if Hill is right, then the appellant is absolutely right that they would satisfy the last problem, which is the fundamental error problem. The government agrees with that. The question is whether or not it was previously available. As Your Honor pointed out, they have one year to raise it. But even ignoring that, Hill relied the reason it could come out that way is because the Hill was relying on a change of law in the Fourth Circuit. The Fourth Circuit royal overruled prior Fourth Circuit precedent that he could not and so he was foreclosed by precedent. They have not identified any of that. It cannot be. And if you look at Hill, that was never even contemplated. Because what you're saying is contrary to the Eleventh and Tenth Circuit, Prost and the Eleventh Circuit en banc case, in the Sixth Circuit, it is inadequate or ineffective if you were foreclosed by circuit precedent. So that's how you get around the 2255 bar. And here they haven't pointed to a case that shows it was inadequate or ineffective in the Fourth Circuit. That's right. So under current precedent, under Peterman or any of the others, including Hill, they have to point out that. And we haven't gotten there. The discussion about whether or not Hill contradicts Peterman is goes to a different prong, which is that final prong, the. What about Bannerman? What's your thoughts on that, which said that a challenge to a sentence based on Apprendi, obviously Apprendi cannot be the basis for an actual innocence claim? So the government believes that, especially in the next sentence following that, they cited Peterman. But that is good. When I was citing it, I was very careful to read. There is a lot going on in Bannerman, a lot of reasons the Court could have ruled the way it did. So that's why in my brief I said it is arguably dicta. But Peterman I don't believe is arguably dicta. But why couldn't you read Bannerman to limit in the same sense, and I know I'm giving you a little bit of a perverse reading, but Bannerman and Peterman, why can't you read them to be limited to the Apprendi context, which this is not? So because even, well, backing up a little, the rationale of Peterman had nothing to do really with Apprendi. I mean, it had, they do say you failed to cite it, but the very next sentence and several sentences later all discuss the issue of this is a sentencing case. And, in fact, it was cited many, many times, and I see that I'm out of time. Kennedy. Yeah, you can finish. And so that has to be, in the government's view, the holding of Peterman is that the very least of mandatory guidelines question, mandatory guidelines issue is not sufficient to satisfy that final prong, the fundamental error prong. Hill essentially treated that holding as dicta and then said exactly the opposite. And obviously, as this Court knows, it can't do that in a panel. And I will point out real quick, obviously, the government's argument of that this Court should adopt McCarthan is foreclosed by precedent. This panel could not go that far down the rabbit hole. However, interestingly enough. Why couldn't we, I'm not saying we would, but why couldn't we if Hill is wrong? Because it would still be contrary to Peterman. It would still, our view is that even an actual innocence claim is actually not available through a saving clause claim, that that's entirely related to different kinds of claims that are not, that the remedy would not play for 2255. Okay. Any other questions? Thank you very much. Your Honors, if I understand my opposing counsel's primary problem with Mr. Wright's petition correctly, it's that he has failed to identify some of the issues that are in case law from the Fourth Circuit that would have precluded him from making this Mathis argument in his appeal or 2255 motion. I have two sites for your Honors. The first is United States v. Washington. That case is 629 F. 3rd 403. The second is United States v. Mason. That case is 954 F. 2nd at 219. 954 F. 2nd. At 219, Your Honor. That was in your brief. Those... Go ahead. Those were not in the briefs, Your Honor. The reason for that is Mr. Wright's position is that the district court here went no further than its initial screening under the Hill procedural prerequisite. So, and I understand that your brief makes a good point of saying that. But I think you're... So, those cases, my hunch, isn't the same as Hill, right? Because you're not in the crime of violence world. And correct me if I'm wrong. My memory of the underlying case in Hill is that it was a crime of violence case that the Fourth Circuit said was no longer a crime of violence. Whereas you're in the drug distribution world and no one's saying distribution of drugs is not a distribution of drugs. Right? The Fourth Circuit hasn't come around and said one of its underlying convictions no longer qualifies. These are more DeKalb's cases, if I'm guessing. Your Honor, these cases apply to serious drug offenses. They apply to what might be Mr. Wright's underlying petition, which we really can't tell from the record here what that was. Why can't we look at what the Maryland court based their sentence on in the PSR to determine if... And I understand your argument in your brief. But why can't we just look at that and if it says district... If we can count to three, then all of this is a moot point. The district court can do that, Your Honor. Well, why couldn't we if we have the record, the full record in front of us? We have... And I know you say we don't. But if we have the PSR and we have what the Maryland court did, it seems to me we can do the same thing the district court did. The PSR is not in the record, Your Honor. It's not a matter of public record. It has to be introduced in the district court on remand. What the district court... Is that right? We can't get it by a PACER or whatever we have, our internal PACER? It's not on PACER, Your Honor. Okay. So it's really a matter of remanding to the district court to address those matters in the first instance. And that's... We'd get it from the district court. Potentially, Your Honor, but it's... We'd get anything from the district court if we were. Yes, Your Honor. It's not in the appellate record before this court at this moment. I'm a humble district judge, using that term loosely. Meaning humble. Yes. What do you want the district court to do here? Your Honor, I see my time has expired. You may have a moment. I mean, I've got a question. I mean, here I am, a district judge, and somebody sends something down to me, and the Sixth Circuit says, Hey, you've got to re-sentence this person because you sentencing them improperly. Well, I didn't sentence anybody. I'm just a sucker that's sitting in a district where a guy is housed. Now, what am I to do? Your Honor, here, Mr. Wright would not ask for a full re-sentencing. If he showed the merits of his petition, he would ask for the district court to correct the sentence. I didn't sentence him. Right. And in Mr. Wright's position, if he was sentenced in error at all, it was because he was misclassified as an armed career criminal. There's two distinct sentences that could have applied to him. The 15-year mandatory minimum, which he received. Alternatively, if he was incorrectly classified, his maximum term of imprisonment would have been 10 years under Section 924A. Mr. Wright was sentenced in 2007. Your Honor, he's already served beyond those 10 years. So all that would be left for the district court to do here to correct Mr. Wright's sentence is to vacate his armed career criminal designation and re-sentence him to time. I didn't make him an armed career criminal. Your Honor, under 2240... See, that's the whole problem. If you read the legislative history of 2255, they meant for the courts that sentenced people to handle these things. Not some court sitting in a district which has, like this court. My court has a plethora of federal prisoners. That's true, Your Honor. As a general rule, Congress intended for the sentencing court to hear these types of challenges under 2255. However, Congress also created the limited exception in the saving clause. Well, the limited exception, then, as is interpreted by Hill and his progeny seems to be a misreading of congressional history. I would give two answers to Your Honor. First, Hill is controlling here, and so this panel is required to abide by it for purposes of Mr. Wright. Second, under section 2243, a district court examining a habeas petition has the power to dispose of that petition as justice requires. That's a broad equitable remedy, Your Honor. But the government's taking two different positions in here. In Hill, they said, oh, yeah, that's fine. And the others say, no, it's not fine. So which is fine? Hill is the correct interpretation of the savings clause, Your Honor. Thank you very much, counsel. Thank you both for your very thoughtful arguments and for engaging the panel and for coming to Lexington. We greatly appreciate it. We'll be in recess. All rise.